UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| YVETTE JONES, Personal Representative of the Estate of RAYMOND JONES, Deceased, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No. 1:09-cv-392 |
| v. | ) ) | Honorable Paul L. Maloney |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) ) ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) | |

This is a civil action for wrongful death brought by the decedent's personal representative pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed by counsel, arises from events that took place in and around September 2007, while plaintiff's decedent, Raymond Jones, was housed at the Earnest Brooks Correctional Facility in Muskegon, Michigan. Plaintiff alleges that defendants were deliberately indifferent to the decedent's serious medical need arising from meningoencephalitis, in violation of the decedent's Eighth Amendment rights. The events in the complaint span the period of August 29, 2007, when the decedent allegedly began to complain to prison staff of his symptoms, to September 25, 2007, the date of death. Plaintiff has named as defendants employees of both the Michigan Department of Corrections and Correctional Medical Services, Inc., a contractor providing healthcare services under contract with the State of Michigan.

Presently pending before the court are five related, *pro se* motions filed by a non-party, Michael Ishmael Gresham. Mr. Gresham is a prisoner of the Michigan Department of Corrections, serving sentences for multiple felony convictions. He is presently incarcerated at the Marquette Branch Prison. Mr. Gresham has submitted a motion to join the present case as a party plaintiff and to certify a class (docket # 49), a motion for leave to file an amended complaint (docket # 50), supported by an affidavit (docket # 51), an application to proceed *in forma pauperis* (docket # 52), a proposed complaint (docket # 55), and a motion for leave to allege a RICO conspiracy (docket # 56). Mr. Gresham's submissions are voluminous, disjointed, and barely intelligible. Read with the liberality due to *pro se* pleadings, Mr. Gresham's documents appear to seek leave to join this case as a plaintiff for purposes of asserting his own civil rights claims against the present defendants and numerous other parties. Counsel for plaintiff has filed a response objecting to Mr. Gresham's efforts to inject his claims into plaintiff's wrongful death case. (Response, docket # 54). Chief Judge Paul Maloney has referred Mr. Gresham's motions to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Mr. Gresham's motions will be denied.

**Discussion**

Mr. Gresham's ability to enter this case is governed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24 regulates intervention -- a procedure by which an outsider with an interest in a lawsuit may come in as a party, even though the outsider has not been named as a party by the existing litigants. *See* 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1901 at 257 (3d ed. 2007). Rule 24 recognizes two types of intervention. The first is intervention of right, which applies when a party is given an unconditional

right to intervene by federal statute or claims an interest relating to the property or transaction that is the subject of the pending action and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest." FED. R. CIV. P. 24(a). Intervention of right obviously has no application to the present case. Mr. Gresham has not identified any federal statute giving him an unconditional right to intervene, nor does he allege any interest in the subject-matter of plaintiff's wrongful death claim that would be impaired or impeded unless Mr. Gresham were allowed to enter this case. Mr. Gresham has no direct or indirect interest in the wrongful death of plaintiff's decedent, Raymond E. Jones. Under Michigan law, only the personal representative of the decedent's estate, plaintiff Yvette Jones, has standing to maintain this wrongful death action. *See* MICH. COMP. LAWS § 600.2922(2). Mr. Gresham does not allege that he is an heir of Raymond E. Jones or in any other way has a direct or indirect interest in this wrongful death action.

The other kind of intervention allowed by Rule 24 is permissive intervention. The court may permit a person to intervene if that person is given a conditional right to intervene by federal statute or "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). Permissive intervention under Rule 24(b) is entrusted to the sound discretion of the district court. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

In the present case, it is clear that neither ground for permissive intervention is available to Mr. Gresham. Mr. Gresham does not cite any federal statute that grants him a conditional right to intervene into this case, nor is the court aware of one. Furthermore, Mr. Gresham's claims (to the extent that they are intelligible) do not share any common questions of law

or fact with plaintiff's wrongful death action. Plaintiff's claims arise from a discrete series of events that occurred in August and September of 2007, leading to the death of Raymond E. Jones. The factual questions involved in plaintiff's case will focus on the decedent's symptoms during that time, the state of knowledge of each of the defendants concerning those symptoms, and whether any defendant was deliberately indifferent to decedent's serious medical needs. Mr. Gresham, by contrast, seeks leave to inject into this case an unrelated hodgepodge of claims, including assertions that he was sexually assaulted on July 10 and August 13, 2009 (two years after Mr. Jones died), that he was poisoned on June 9, 2010 (three years after the decedent's death), that unidentified medical personnel of the Michigan Department of Corrections threatened to kill him on June 30, 2010, that other unidentified prison personnel have ignored Gresham's left inguinal and umbilical hernias, that other unidentified parties have retaliated against him, and that prison officials did nothing when Mr. Gresham purposely swallowed a key. Mr. Gresham's diffuse claims have nothing to do with the events leading up to the death of Raymond E. Jones and do not present any common question of law or fact with the present case. If Mr. Gresham wishes to litigate these claims, he must do so in a separate lawsuit complying with all of the prerequisites of the Prison Litigation Reform Act, including exhaustion of administrative remedies and payment of the filing fee.

      Mr. Gresham's attempts to inject his claims into the present case are not supported by the provisions of Rule 24 and would be prejudicial to the orderly progress of this wrongful death action. All pending motions will be denied, and Mr. Gresham's proposed pleadings will be stricken from this record.

Dated: August 2, 2010                        /s/ Joseph G. Scoville
                                               United States Magistrate Judge