---

|

|

MICHAEL ISHMAEL GRESHAM,       |      Case No. 1:09-cv-392

     Plaintiff,                  |     HONORABLE PAUL L. MALONEY

         v.                 | Magistrate Judge Joseph G. Scoville

CORRECTIONAL MEDICAL SERVICES, INC.,   |

     Defendant.            |

|

---

## OPINION and ORDER

### Overruling the Plaintiff's Appeal;
### Affirming the Magistrate's Denial of Plaintiff's Motions Regarding Intervention, Amendment of Complaint, Certification of Class Action, Appointment of Counsel, etc.

Yvette Jones filed this *pro se* section 1983 civil-rights action. In early July 2010, fellow prisoner Michael Ishmael Gresham moved to be joined in Jones's action, for appointment of counsel, and to amend the complaint to add his claims and certify a class action. Gresham alleges that he was raped on July 10, 2009; had a razor placed in his food on August 3, 2009; was diagnosed with a "left inguinal and umbilical hernia mandating treatment"; and was subjected to death threats from prison doctors, nurses, and other medical personnel "like Raymond Jones 313552 has been and [such threats] continues to be made daily by healthcare and MDOC staff." Doc 49 at 2-3 ¶¶ 4-6. Gresham asserts that a class action is appropriate because his claims of Eighth Amendment deliberate indifference to known serious medical needs, sexual assault, and retaliation arises out of the same

occurrences as, and will raise questions of fact that are common to, plaintiff Jones's controversy, and because all MDOC prisoners are subject to or at risk of such mistreatment as well. *See* Doc 49 at 5 ¶ 9 and 7 ¶ 10. Gresham purports to be concerned about the risk of conflicting judgments and conflicting legal standards if his claims are tried in a separate lawsuit. *See id.* at 7-8.

Pursuant to 28 U.S.C. § 636(b)(1) and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred for disposition by the Honorable Joseph G. Scoville, United States Magistrate Judge. By order dated August 2, 2010 (Doc 61), the Magistrate Judge denied all of Gresham's motions and ordered that all further filings by Gresham be stricken. By orders dated August 12 and 13 (Docs 62 and 63), the Magistrate struck Gresham's July 30, 2010 Motion to Object to Defendant Finegood's Answer, his Motion for an Order for Finegood to Turn Over Documents, his motion for leave to amend, motion for summary judgment, and "motion demonstrating conspiratorial actions by Defendants involved in Death of Raymond Jones and Denial of Health Care to Plaintiff Gresham", and motion to appoint class counsel. The Magistrate also stated as follows:

> Filer is neither a party nor an attorney in this case and, therefore, may not submit any documents for filing. Filer has not been granted leave to intervene in this case.
>
> If Filer wishes to file a complaint in this Court, he must comply with the requirements in the Federal Rules of Civil Procedure. A proper complaint must contain the basis for the Court's jurisdiction, a caption which includes the names of all parties, averments of claim or defense in numbered paragraphs, and a short, plain statement of the claim showing plaintiff is entitled to relief. A $350.00 filing fee is required. If Filer cannot afford the filing fee, an affidavit of financial status must be completed and submitted at the time of filing of the complaint.

Doc 62 at 1 and Doc 63 at 1. On August 13, 2010, Gresham appealed from the Magistrate's August 2, 2010 ruling (Doc 61). In its entirety, his appeal states as follows:

> 1. Plaintiff Gresham moves this court to permit him to alter amend the record and object to the stricken record by Joseph G. Scoville. For the reasons that (1) the stricken record obstructs Federal Rules of Appellant Procedure Rule (10)(11) [?]

record on appeal.

2.  The facts here that Chief Maloney [sic] has misinterpreted the law is that Yvette Jones is suing C.M.S. not only the defendants responsible for Jones 313552 death. Defendants CMS operations affected Plaintiff Gresham as well as other prisoners (1)(2).  There exist a question of law or fact common to this class (3) the claims of the deliberate indifference[,] failure to supervise[, failure to] train[,] treating prisoners as maligners [malingerers] unworthy of care unless death is imminent is a broad class (5).

Defendants Correctional Medical Services have acted on refusing mental and medical health and Judgment for Yvette Jones would be appropriate where as injunction and Declaration with respect for the whole class would satisfy *Sosna v. Iowa*[,] 418 US 393 (1975).

3.  Chief Maloney is to note under judicial integrity [that] plaintiff Gresham did attempt from 2007-2009 to File this Suit with Yvette Jones as he is a Friend of Raymond Jones but MDOC staff stole his legal work Nov 2, 2007 see case no. 2:07-cv-41[1] 09-1469.  Record is relevant[.]

Wherefore, by preceden[ts the] motion [t] alter [or] amend [Jones's complaint should] be granted.

Plaintiff Gresham has been assaulted.  That is why his penmanship or complaint is somewhat [un]intelligible [or] incoherent.  You would too Your Honor!

* * *

Plaintiff Gresham request reconsideration of his suit under *Conley v. Gibson*[,] 355 U.S. 41[,] 45-46 (1957) as his motions shall be held to a less strict standard than one drafted by a professional lawyer.

He shall also be served with a[n] Examination of the original complaint and

---

[1]

In this district, case number 2:2007-cv-41 was a *pro se* habeas corpus action under 28 U.S.C. § 2254, *see William Smith, Jr. #175571 v. Bergh*.  Smith filed the action in March 2007, and in April 2007 Magistrate Judge Greeley issued an R&R recommending that it be dismissed.  After considering Smith's objections, U.S. District Judge Edgar overruled Smith's objections, dismissed his habeas petition, and declined to issue a certificate of appealability on August 3, 2007.  Gresham was not a party to that case and did not file a motion to intervene in that case, and neither Smith's habeas petition nor the R&R mentions him.

It is unclear what "09-1469" refers to.  In this district, there was no civil case assigned the number 1:09-cv-1469, 2:09-cv-1469, 3:09-cv-1469, 4:09-cv-1469.  Nor was there any criminal case assigned the number 1:09-cr-1469, 2:09-cr-1469, 3:09-cr-1469, 4:09-cr-1469, or 5:09-cr-1469.

documents by all parties to see if he does not have standing to inject his claims. Until <u>he is served</u> the court cannot im[smudge makes the remainder of this word illegible] dismiss his complaint.

Doc 65 at 1 and 3. The remainder of Gresham's three-page appeal is an undated, unsigned "Segregation Law Library Request Form" which lists the name "Mr. Gresham, Number 272603" and eleven items purportedly requested from "the Law Library." Doc 65 at 2.

The court construes Gresham's document 65 as an appeal. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007) ("Magistrate Judge Greeley held he could not order the MDOC to provide an address they did not possess. Accordingly, Fitts' motion to re-serve the complaint was denied. *Fitts filed objections to this order, which Judge McKeague construed as an appeal*.") (emphasis added), *cert. denied*, – U.S. –, 128 S.Ct. 891 (2008).

Because the Magistrate Judge's order ruled on non-dispositive issues pursuant to 28 U.S.C. § 636(b)(1)(A)[2] – not a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B), this court may disturb the Magistrate's order only if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). "This standard is necessarily deferential . . . ." *Welch v. Taylor*, 2008 WL 2743933, *1 (W.D. Mich. July 10, 2008) (Enslen, J.).

This court will find a magistrate's legal conclusion to be "contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kovats*, 2008 WL 2095423 at *1 (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174, 179 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))). The court will find a magistrate's factual finding to be "'clearly erroneous when, although there may evidence to

---

[2] The court treats the ruling as non-dispositive because it did not affect Gresham's legal right to file an action in this court raising the same claims and asserting the same motions (e.g., motions for leave to proceed *in forma pauperis*, class certification, and appointment of counsel).

support it, the . . .court, [considering the entire evidence], is left with the definite and firm conviction that a mistake has been committed.'" *NEFT, LLC v. Border States Energy, LLC*, – F. App'x –, –, 2008 WL 4613577, \*2 (6th Cir. Oct. 15, 2008) (Richard Allen Griffin, J.) (quoting *US v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007)); *see also Kovats v. State of Michigan*, 2008 WL 2095423, \*1 (W.D. Mich. May 16, 2008) (Paul L. Maloney, J.) (citing *US v. US Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clear-error standard of FED. R. CIV. P. 52(a)). This court's review of a Magistrate Judge's factual findings on appeal from a non-dispositive ruling is even more deferential than its review of her legal conclusions. *Burket v. Hyman Lippitt, P.C.*, 2006 WL 2309843, \*2 (W.D. Mich. Aug. 9, 2006) (citing, *inter alia*, *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (Enslen, J.)).

Gresham's appeal brief does nothing to identify clear error in any factual finding made by the Magistrate, nor does he show that the Magistrate's rulings were contrary to law, i.e., that they failed to apply or misapplied relevant statutes, case law or rules of procedure.

As for Gresham's motion to certify a class, "[t]he fact that all [the proposed] plaintiffs are *pro se* provides a sufficient basis in itself for denial of the motion." *Carney v. Treadeau*, 2008 WL 485204, \*1 (W.D. Mich. Feb. 19, 2008) (Wendell Miles, Sr. J.) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to court without counsel, but not the claims of others. This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'") (citing 28 U.S.C. § 1654)) and quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). "The rationale for this prohibition is derivative from the language of Rule 23(a)(4) which requires that the class representative have the capacity to fairly and adequately protect interests of class members, and an

inmate, a lay person subject to being transferred to another corrections facility at any time, cannot,

by definition, fairly and adequately represent the interests of other incarcerated individuals." *Banda*

*v. Corzine*, 2007 WL 3243917, *14 (D.N.J. Nov. 1, 2007) (Wm. Martini, J.) (citing, *inter alia*,

*Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) and *Awala v. NJDOC*, 2005 WL 2044910

(D.N.J. Aug. 23, 2005) (Freda Wolfson, J.)), *recon. denied*, 2008 WL 58824 (D.N.J. Jan. 3, 2008).

It is true that Gresham also moved for appointment of class counsel, but that does not mean

that the Magistrate ruled contrary to law in denying the class-certification motion. As former Judge

Miles reasoned in a similar *pro se* prisoner civil-rights situation,

> Plaintiff Carney argues that the "class" was going to seek counsel "once they passed
> summary judgment in this matter." However, appointment of counsel in a civil case
> is not a constitutional right, but rather a privilege that is justified only by exceptional
> circumstances. *Lavado v. Keohane*, 992 F.2d 602, 605-606 (6th Cir. 1993). It would
> be putting the cart before the horse for the court to certify a class based on contingent
> events such as survival of the case to summary judgment and the location of an
> attorney both willing and able to take on a case of the tremendous magnitude
> proposed by plaintiffs.

*Carney*, 2008 WL 485204 at *2.

If Gresham wishes to invoke the jurisdiction of this court to seek redress of his claims, the

proper course of action is for him to initiate his own independent lawsuit, rather than attempting to

"piggy-back" on another prisoner lawsuit which has already progressed well towards final

disposition on its merits. *Cf. Young v. State of Rhode Island*, 2006 WL 3313973, *4 (D.R.I. Nov.

14, 2006) (Young, U.S.M.J.) ("Petitioner implies that the Court should excuse his failure to file a

new action because he 'is not a lawyer . . . .' Although it is true that the Court holds Petitioner's

pleadings to a less stringent standard than formal pleadings drafted by a lawyer, due to his *pro se*

status, this status does not excuse his failure to follow rules of substantive and procedural law. * *

* [N]othing has changed since Petitioner erroneously filed his motions in a closed case.

Accordingly, the Motion for Reconsideration is hereby DENIED.") (other internal cites & quote marks omitted), *aff'd*, 2006 WL 654243 (D.R.I. Feb. 27, 2007) (Torres, U.S.D.J.); *Brownlee v. Hall*, 2008 WL 2610774, *2 (E.D. Cal. June 24, 2008) (Hollows, U.S.M.J.) ("Plaintiff cannot piggyback a litany of complaints, contending they are all somehow at least tangentially related to an earlier civil-rights action . . . ."), *R&R adopted*, 2008 WL 4104314 (E.D. Cal. Aug. 28, 2008) (Burrell, U.S.D.J.). The filing of such an independent lawsuit will entail payment of a filing fee, the avoidance of which may have been part of the motivation for Gresham's unjustified attempt to intervene in and expand Jones's case. *Cf. Gonzalez v. Mason*, 2008 WL 2079195, *1 (N.D. Cal. May 15, 2008) (Susan Illston, J.) ("Plaintiff apparently is trying to piggyback a second action onto the existing one in which he has been granted *in forma pauperis* status, perhaps to avoid another filing fee. Avoidance of a filing fee does not provide good cause for the filing of a supplemental complaint."), *aff'd*, 357 F. App'x 835 (9th Cir. 2009).

## ORDER

Gresham's appeal is **[document #65] OVERRULED**.

The Magistrate Judge's ruling of August 2, 2010 **[document #61] is AFFIRMED**.

IT IS SO ORDERED this 25th day of August 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge